IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GARY WINGATE,**
**N-16101,**

**Petitioner,**

vs.

**RANDY PFISTER,**

**Respondent.**                           Case No. 16-cv-00087-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Gary Wingate filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. 1), in order to challenge his 2006 conviction in St. Clair County Circuit Court for first-degree murder and aggravated unlawful use of a weapon. (*Id.*). Using this Court's standard § 2254 habeas petition, Wingate sets forth a comprehensive summary of his underlying state criminal, appellate, and post-conviction proceedings. (*Id.* at 1-4). When instructed to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States," however, Wingate includes none. (*Id.* at 8-18).

Instead, under each ground for relief, Wingate repeatedly refers to a post-conviction petition filed in Illinois state court on October 21, 2010. (*Id.*). His numerous references to this pleading suggest that Wingate is adopting some

or all of the arguments from the post-conviction petition in the instant § 2254 petition. The Court cannot be certain, however, because Wingate does not say.

Further, the Court has no way of knowing what those arguments are. Wingate does not summarize them. He has not provided the Court with a copy of the post-conviction petition. And, by all indications, a *2010* post-conviction petition was not filed. After reviewing public records for this information, the Court only found reference to a post-conviction petition that was filed on October 21, *2011*. *See People v. Wingate*, 31 N.E. 3d 275, 281 (Ill. App. 2015) (referring to post-conviction petition).

Although this matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, the Court is unable to screen the § 2254 petition because it sets forth no grounds for relief. Accordingly, the original petition (Doc. 1) shall be dismissed. However, the dismissal shall be without prejudice to Wingate filing a "First Amended Petition" that is consistent with the deadline and instructions in the below disposition.

## Motion for Recruitment of Counsel

Wingate filed a Motion for Recruitment of Counsel (Doc. 3), which shall be denied. Although civil litigants do not have a constitutional or statutory right to counsel, District Courts enjoy the discretion under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. This discretion is governed by the standard utilized in other civil cases, which was

articulated in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007): "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself [.]"

Wingate does not satisfy the first requirement because he discloses no efforts to obtain counsel on his own. He also does not satisfy the second requirement because he appears competent to litigate this matter himself. Wingate cites an inability to read or write and "low educational and . . . psychological mental status" in support of his request for counsel. (Doc. 3 at 1). However, he filed a petition that is well-written, organized, and coherent. It is simply incomplete. Wingate has not indicated that he relied on someone else to prepare the pleading for him. Without this information, the Court cannot find that counsel is required at this time. Wingate's motion is **DENIED** without prejudice to any subsequent motion for counsel that Wingate wishes to file in this action.

## Disposition

**IT IS HEREBY ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. 1) is **DISMISSED without prejudice**.

**IT IS ALSO ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

Wingate is **GRANTED** leave to file an amended petition within thirty-five (35) days **(on or before March 31, 2016)**. The Court strongly recommends that he use the Court's form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. Petitioner should use *this* case number and label the pleading, "First Amended Petition." He should describe his underlying state court proceedings, just as he has done in his original petition. He must also set forth each ground for relief and include a specific request for relief in the amended petition. Wingate is warned that failure to comply with the deadline or instructions set forth in this Order will result in dismissal of the action. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

To enable Wingate to comply with this Order, the Clerk is **DIRECTED** to provide him with a blank Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, along with a copy of his original petition (Doc. 1) for use in preparing the First Amended Petition.

**IT IS SO ORDERED.**

**DATED: February 25, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.02.25 11:58:26 -06'00'

**United States District Judge**