IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY WINGATE,
N-16101,

Petitioner,

vs.

RANDY PFISTER,

Respondent.                                   Case No. 16-cv-00087-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before this Court for consideration is an Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Petitioner Gary Wingate. (Doc. 7). In the Amended Petition, Wingate challenges a judgment of conviction entered against him in the Circuit Court of St. Clair County, Illinois, Case No. 05-CF-1784. He asks this Court to vacate his conviction and order a new trial based on the ineffective assistance of his counsel, his lack of fitness to stand trial, the State's failure to prove him guilty beyond a reasonable doubt, and his actual innocence. (Doc. 7, pp. 8-17). This matter is now before the Court for preliminary review of the Amended Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

I.     **Background**

Wingate was convicted of first degree murder and aggravated discharge of a firearm following a jury trial on October 24, 2006. (Doc. 7, p. 1). He was

sentenced to fifty years of imprisonment on April 20, 2009. *See People v. Wingate*, 31 N.E.3d 275 (Ill. App. 2015). Wingate challenged his conviction on appeal, based on the allegedly ineffective assistance of his trial counsel, the State's failure to prove him guilty beyond a reasonable doubt, his lack of fitness to stand trial, and the exclusion of exculpatory evidence. (Doc. 7, p. 2). His conviction and sentence were affirmed on direct appeal on October 21, 2010. *See People v. Wingate*, 993 N.E.2d 156 (2010) (unpublished order under Supreme Court Rule 23)). The Illinois Supreme Court denied his Petition for Leave to Appeal on September 28, 2011. *People v. Wingate*, 955 N.E.2d 479 (Ill. 2011).

On October 20, 2011, Wingate filed a petition for post-conviction relief in St. Clair County Circuit Court. *People v. Wingate*, 275 N.E.3d 281 (Ill. App. 2015). He allegedly challenged his conviction on the same grounds he raised in his direct appeal. (Doc. 7, p. 4). In addition, he asserted an actual innocence claim. (*Id.*). The trial court denied the post-conviction petition on March 20, 2013. (*Id.* at 3-4). Wingate appealed, and the state appellate court denied the post-conviction petition on April 20, 2015. *See People v. Wingate*, 31 N.E.3d 275 (Ill. App. 2015). Wingate sought review of this decision by the Illinois Supreme Court. The state's highest court denied his Petition for Leave to Appeal on September 30, 2015. *People v. Wingate*, 39 N.E.3d 1010 (Ill. 2015).

This federal habeas action followed on January 26, 2016. (Doc. 1). In his original Petition, Wingate included no grounds for relief. Without this basic information, the Court was unable to screen the Petition under Rule 4 of the Rules

Governing § 2254 Cases in the United States District Court. Therefore, on February 25, 2016, the Court dismissed the Petition and ordered Wingate to file an Amended Petition setting forth each ground for relief on or before March 31, 2016. (Doc. 6).

## II. Amended Petition

In his Amended Petition (Doc. 7), Wingate seeks reversal of his conviction and sentence on the following grounds: (1) Wingate was provided with ineffective assistance of trial counsel (*id*. at 8); (2) the State failed to prove him guilty beyond a reasonable doubt (*id*. at 10); (3) Wingate was improperly denied a fitness hearing (*id.* at 12); and (4) Wingate was actually innocent of first degree murder (*id*. at 14). He requests an order vacating his conviction and sentence and remanding his case for a new trial. (*Id*. at 18). Alternatively, he seeks a sentence reduction. (*Id*.).

## III. Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Amended Petition, the Court concludes that it survives preliminary review. Wingate appears to have filed this federal habeas action and his Amended Petition in a timely manner. Further, he appears to have exhausted his state court remedies with

respect to the claims raised in his federal habeas petition.[1] Given this, a response will be ordered.

## IV. Disposition

**IT IS HEREBY ORDERED** that Respondent **RANDY PFISTER** shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered (on or before August 22, 2016).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings.

**IT IS ALSO ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[1] Wingate filed a letter requesting a stay and abeyance of this federal habeas action. (Doc. 8). In the letter, Wingate indicates that his efforts to exhaust state court remedies are ongoing. Toward this end, he filed a successive petition for post-conviction relief in state court, and that petition is pending. However, Wingate offers no details regarding which claims form the basis of his successive post-conviction petition or, for that matter, what claims remain unexhausted. Without this basic information, the Court will not consider his request for a stay of this case.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 22, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.07.22
11:36:21 -05'00'

**United States District Judge**